IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABULAY NIAN,<br><br>      Petitioner,<br><br>vs.<br><br>MERRICK GARLAND,<br><br>      Respondent. | CASE NO. 3:22-cv-00778-PAB<br><br>DISTRICT JUDGE<br>PAMELA A. BARKER<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Pro se petitioner Abulay Nian of Sierra Leone initiated this habeas proceeding under 28 U.S.C. § 2241 on May 12, 2022, seeking release from immigration detention. Doc. 1, at 2. Nian alleges that in January 2022, he was granted protection against removal under the Convention Against Torture, Doc. 2, at 2, and that, as such, his continued detention was without reason, "unfair, [in]humane, and unjustified," and was causing a decline in his mental and physical health. Doc. 1, at 7–8.

On May 26, 2022, Nian was released from federal custody. Doc. 10–2, at 1.

In October 2022, Respondent moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Nian's case for lack of subject matter jurisdiction, on the grounds that the case is now moot. Doc. 10–1, at 1. The motion to dismiss is unopposed.

I recommend that the Court grant Respondent's motion and dismiss this case.

**Discussion**

In his petition, Nian seeks immediate release from custody. Doc. 1, at 8.

In its answer, the Government asserts that Nian was released from the custody of the Department of Homeland Security, Immigration and Customs Enforcement (ICE) in May 2022, and that, as a result, his claims are now moot. Doc. 10–2, at 1 (Decl. of James Banks, ICE Deportation Officer); 10–1, at 1.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under this "case or controversy" requirement, the petitioner "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision'" throughout the pendency of the litigation. *Id*. (citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (citations omitted).

A district court lacks jurisdiction over a habeas petition if the petitioner is not in government custody. *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). A petitioner's release from custody generally renders his habeas petition

moot. *Prieto*, 913 F.2d at 1162–63. In exceptional cases, a petition may escape mootness if the released petitioner can show that he will likely suffer some future collateral consequence stemming from his detention, or that the case is "capable of repetition, yet evading review." *Lane v. Williams*, 455 U.S. 624, 633–34 (1982).

Here, Nian has been released from government custody and he has not alleged that he will suffer any collateral consequences because of his detention or that his case is capable of repetition, yet evades review. Accordingly, this case no longer presents a live case or controversy, rendering it moot. The Court thus lacks jurisdiction over Nian's petition.

**Conclusion**

For all the reasons set forth above, I recommend that the Court grant Respondent's motion to dismiss, Doc. 10, and dismiss this case.

Dated: January 18, 2023

                                         */s/ James E. Grimes Jr.*
                                         James E. Grimes Jr.
                                         U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).